HARRELL, J.,
dissenting, in which BATTAGLIA, J., joins.
I dissent. The Majority opinion concedes, as it must, that the threshold to trigger a trial judge’s need to refer a criminal *703 defendant for a mental competency evaluation is a low hurdle. Maj. op. at 697, 85 A.3d at 113, citing Roberts v. State, 361 Md. 346, 365 n. 14, 761 A.2d 885, 895 n. 14 (2000) (“ ‘[A]n extensive proffer is not necessary — indeed, a defendant merely needs to ... allege incompetence in order to trigger the need for a competency evaluation.’ ”). That notwithstanding, the Majority faults Kennedy’s defense counsel for not making his request known to the court with sufficient clarity. Maj. op. at 694-95, 85 A.3d at 111. Although specificity is to be desired generally in gleaning a record to ascertain what relief (if any) a lawyer seeks for his or her client, I arrive at the view of this case that Kennedy’s lawyer’s efforts were sufficient to have put the trial judge on notice that Kennedy’s mental competency was questioned and that the court should have understood that an evaluation of same was sought or, at a minimum, clarification was needed to understand better what Kennedy’s lawyer wanted done. Looked at as a totality of circumstances, Kennedy’s lawyer made the following points to the trial court:
• Kennedy refused (without reason) to meet with his lawyer on occasion.
• Kennedy refused (without reason) to attend court on one occasion.
• There were continuous communication impediments (apparently not of a foreign language barrier type) to Kennedy appearing to understand what his lawyer was saying to him.
• “There is something wrong with him [Kennedy].”
• “I [Kennedy’s lawyer] haven’t been able to talk [effectively] to him about the case.”
• I would just ask the Court ... have him evaluated.”
Of course, much of the above was commingled with talk of a possible mistrial over the shoving incident in the courtroom. Nonetheless, it strikes me that it is not unreasonable for a judge to separate into compartments the two different concepts — a mistrial sought because of the courtroom shoving incident and the strongly-implied (at the least) request for a *704 mental competency evaluation. To ignore the latter is merely to stick one’s head in the sand beyond one’s ears.
I would reverse the judgment and remand for further proceedings, to include a referral for mental competency evaluation of Kennedy.
Judge BATTAGLIA authorizes me to state that she joins the views expressed in this opinion.